O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET LYNN ELDER,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Respondent. | Case No. EDCV 15-1374-KES<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Janet Lynn Elder appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Court concludes that the ALJ gave clear and convincing reasons for discounting Plaintiff's credibility, and the ALJ gave at least one specific, germane reason for rejecting lay witness testimony, rendering any error harmless. The ALJ's decision is therefore AFFIRMED.

/ / /

/ / /

/ / /

# I.
# BACKGROUND

On June 12, 2012, Plaintiff filed an application for DIB, alleging disability beginning on July 28, 2011. Administrative Record ("AR") 142-49. Plaintiff alleges that she is unable to work due to two fractures in her back, high blood pressure, and a protruding disc. AR 145.

On November 7, 2013, an ALJ conducted a hearing, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE") and a medical expert. AR 33-56.

On January 17, 2014, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 12-22. The ALJ found that Plaintiff had the severe impairments of obesity, lumbar strain, high blood pressure and depression. AR 14. Notwithstanding her impairments, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "the full range of light work" as defined in 20 C.F.R. § 404.1567(b). AR 16.

Based on Plaintiff's documented vocational background, her testimony, and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a cashier II (Dictionary of Occupational Titles ("DOT") code 211-462-010). AR 21. The ALJ thus found Plaintiff was not disabled. AR 22.

# II.
# ISSUES PRESENTED

The parties dispute whether the ALJ erred in:

(1) discounting Plaintiff's testimony concerning the severity and limiting effects of her pain; and

(2) evaluating lay witness testimony from Plaintiff's daughter.

/ / /
/ / /
/ / /

# III.
# DISCUSSION

### A. The ALJ Gave Clear and Convincing Reasons for Discounting Plaintiff's Credibility.

Plaintiff claims that she suffers from back pain, was diagnosed with a mild partial compression fracture of the vertebrae, and suffers from fibromyalgia. Dkt. 16 at 8.[1] Because of the pain, she can only walk for 10 minutes before needing a rest, and she is affected by bending, kneeling, reaching, lifting, and twisting. AR 183-86. She alleges that walking too long causes her back to swell and "feel[] on fire." AR 186. Plaintiff contends that the ALJ erred in assessing her credibility concerning the limiting effects of her pain. Dkt. 16 at 3-11.

### 1. Applicable Law

An ALJ's assessment of symptom severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

In evaluating a claimant's subjective symptom testimony, the ALJ engages in a two-step analysis. See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be

---

[1] All page citations are to the electronic CM/ECF pagination.

expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1036. If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only if he makes specific findings that support the conclusion. Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010). Absent a finding or affirmative evidence of malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Lester, 81 F.3d at 834; Ghanim v. Colvin, 763 F.3d 1154, 1163 & n.9 (9th Cir. 2014). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ may also use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for lying and inconsistencies in his statements or between his statements and his conduct. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

**2. Analysis**

Following the two-step process outlined above, the ALJ found as follows:

> The credibility of the claimant's allegations regarding the severity of her symptoms and limitations is diminished because

4

> those allegations are greater than expected in light of the objective evidence of record. Even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, in view of the relatively benign medical evidence, discussed below.

AR 17.

The ALJ gave three clear and convincing reasons for discounting Plaintiff's credibility: (1) the "relatively benign" medical evidence that did not support Plaintiff's allegations concerning the severity of her pain; (2) despite her alleged symptoms, Plaintiff engaged in a "somewhat normal level of daily activity and interaction;" and (3) Plaintiff received routine, conservative, and non-emergency treatment since the alleged onset date. AR 17-18.

        a.    The "relatively benign" medical evidence of record did not support Plaintiff's allegations of disabling pain.

The Court finds that the ALJ's factual determination – that Plaintiff's alleged loss of function due to debilitating pain was not supported by objective medical evidence in the record – is supported by substantial evidence. AR 18.

Over the course of five pages, the ALJ expressly discussed in detail how the "relatively benign" objective clinical findings did not support the degree of limitation Plaintiff had alleged. See AR 17-21; see also Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (an ALJ may resolve questions of credibility "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings"); Rodriguez v. Colvin, No. 13-0549, 2013 WL 6797896, at *3 (C.D. Cal. Dec. 20, 2013) (finding that ALJ properly discounted claimant's credibility in part because record contained relatively benign evidence). The ALJ referenced several pieces of medical evidence revealing mild or minimal findings including, e.g., (1) a July 29, 2011 thoracolumbar spine x-ray that showed mild

partial compression fracture of the vertebrae and minimal degenerative joint disease (AR 18 (citing AR 542)); (2) a January 20, 2011 abdominal ultrasound that revealed a normal liver and spleen, with the additional finding of gallstones (AR 18 (citing AR 1122-23)); (3) a September 20, 2012 x-ray of the thoracic spine that was negative except for dextroscoliosis[2] (AR 19 (citing AR 1113)); (4) a diagnostic test of the lumbar spine that showed mild impressions on the thecal sac, mild arthrosis and mild bilateral neural foraminal narrowing[3] (AR 19 (citing AR 1141-43, 1150-51)); and (5) a November 14, 2011 physical exam where Plaintiff demonstrated normal motor skills, normal range of motion, and normal gait (AR 18 (citing AR 1133-39)).

Moreover, the ALJ did not rely solely on the lack of supporting medical evidence. As discussed below, the ALJ gave two other clear and convincing reasons to discount Plaintiff's credibility concerning the severity and limiting effects of her pain. The ALJ was permitted to consider the lack of supporting medical evidence as a factor confirming his other two reasons. See Burch, 400 F.3d at 681; Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); Social Security Ruling 96–7p (same).

---

[2] According to the National Institutes of Health, scoliosis causes a sideways curve of the spine with symptoms that include leaning to one side and having uneven shoulders and hips. See https://www.nlm.nih.gov/medlineplus/scoliosis.html.

[3] The National Institutes of Health describes farominal narrowing (spinal stenosis) as putting pressure on nerves and the spinal cord causing pain, numbness, or weakness in the neck, back, or legs. See https://www.nlm.nih.gov/medlineplus/spinalstenosis.html.

     b. Plaintiff's daily activities were inconsistent with her claims of disabling pain.

  The ALJ found that despite Plaintiff's alleged disabling pain, she "engaged in a somewhat normal level of daily activity and interaction." AR 17.  The ALJ referenced Plaintiff's function report where she admitted that she runs errands, goes grocery shopping, watches television, goes to the library, prepares meals, folds clothes, goes out daily, shops in stores, and on the computer and by phone, handles her own finances, spends time talking with others, watches movies, plays card games, goes to church, and takes her daughter to school.  AR 17 (citing AR 181-88).  At the administrative hearing, Plaintiff responded to the ALJ's question regarding her activities of daily living, stating that she reads throughout the day.  AR 44.

  That Plaintiff maintained a reasonably normal level of daily activities was a clear and convincing reason to discount her credibility, even if her impairments made those activities somewhat more challenging.  See Burch, 400 F.3d at 681 (noting that ALJ may discredit allegations of disability on basis that claimant engages in daily activities involving skills that could be transferred to the workplace); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (as amended) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)); Molina, 674 F.3d at 1113 ("Even where [claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

     c. Plaintiff received routine, conservative, and non-emergency treatment since the alleged onset date.

In assessing the claimant's credibility, an ALJ may also consider evidence of conservative treatment in discounting testimony regarding the severity of an impairment. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). Here, the ALJ determined that Plaintiff had not "generally received the type of medical treatment one would expect for a totally disabled individual[.]" AR 18. Plaintiff states that she received treatment including physical therapy, TENS units, muscle relaxants and medication including ibuprofen. Dkt. 16 at 8; see AR 1116, 1134, 1151; see also Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling."). In a January 9, 2012 progress report, Plaintiff admitted that physical therapy sessions improved her back pain, AR 19 (citing AR 627), and according to June 24, 2011 progress notes, Plaintiff felt that "[physical] therapy ha[d] been very helpful[.]" AR 830. Thus, the ALJ's finding that Plaintiff's conservative treatment was inconsistent with the claimed severity of her pain is supported by substantial evidence, and it provides another clear and convincing reason for discounting Plaintiff's testimony. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints because she responded favorably to conservative treatment of physical therapy, TENS unit, and medication); see also Burch, 400 F.3d at 681.

On appellate review, this Court is limited to determining whether the ALJ properly identified reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The lack of evidence to support the severity of Plaintiff's pain allegations in the medical evidence, her daily activities, and her conservative treatment were proper and sufficiently specific bases for discounting her claims

8

of disabling symptoms, and the ALJ's reasoning was clear and convincing. See Tommasetti, 533 F.3d at 1039-40; Houghton v. Comm'r of Soc. Sec. Admin., 493 F. App'x 843, 845 (9th Cir. 2012). Because the ALJ's findings were supported by substantial evidence, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959; Fair, 885 F.2d at 604. Remand is not warranted.

**B.** **The ALJ Provided At Least One Specific, Germane Reason For Rejecting Lay Witness Testimony**

Plaintiff next contends that the ALJ improperly evaluated the testimony of her daughter, Avelena Camacho, as detailed in a third-party function report. See Dkt. 16 at 13-15. The ALJ found as follows:

> The undersigned has read and considered the statements from the claimant's daughter in a third party function report, and finds these statements are only credible to the extent that her statements are consistent with the conclusion the claimant can do the work described herein (Exhibit 3E).
>
> The statements made by the claimant's daughter have not been given under oath. She is not a medical professional and as a lay witness, the claimant's daughter is not competent to make a diagnosis or argue the severity of the claimant's symptoms in relationship to her ability to work. The claimant's daughter supports the claimant emotionally and physically and therefore she has a familial interest in seeing the claimant receive benefits. Therefore, her opinion is not an unbiased one. Most importantly, the clinical or diagnostic medical evidence that is discussed more throughout below does not support her statements.

AR 18.

An ALJ may discount the testimony of lay witnesses only if he provides specific "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

Here, the ALJ appears to have improperly assigned limited credibility to Ms. Camacho's testimony because she was not a "medical professional" nor "competent to make a diagnosis" of Plaintiff's medical symptoms. AR at 18; see Cline v. Colvin, 2013 WL 3733486, at *8 (E.D. Wash. July 15, 2013) (ALJ erred in rejecting function report on basis of witness's lack of medical training, where it was not apparent that the declarant "attempted to make exacting observations as to the dates, frequencies, types[,] and degrees of medical signs and symptoms"). Further, "[t]he fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony." Smolen, 80 F.3d at 1289 (rejecting the ALJ's dismissal of testimony from family witnesses who were "understandably advocates, and biased," as not a valid reason); 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) (explaining that commissioner will consider evidence from "non-medical sources," including "relatives," to determine how a claimant's impairments affect her ability to work).

Nonetheless, the ALJ provided at least one specific reason for rejecting Plaintiff's daughter's testimony that was germane to her, thus rendering any error harmless. See Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding error by the ALJ on one or more factors in a credibility determination harmless if there "remains substantial evidence supporting the ALJ's conclusions"). The ALJ noted that Ms. Camacho's statements were inconsistent with the clinical or diagnostic medical evidence

before the ALJ. AR at 18; see Bayliss v. Barnhart, 427 F.3d at 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting the testimony of a lay witness); Plaza v. Astrue, No. CV 12-1029, 2013 WL 210247, at *7-8 (C.D. Cal. Jan. 18, 2013) (finding harmless error in ALJ rejecting mother's third-party function report on improper grounds, because germane reason for discounting report – that witness's testimony contradicted by medical records – existed). For example, contrary to Ms. Camacho's testimony that Plaintiff was limited in walking, sitting, standing, and remembering instructions (AR 175-70), the ALJ noted that medical evidence showed that Plaintiff displayed normal motor skills, normal gait, easy balance, and demonstrated normal mental status evaluations between January 6, 2011 and June 20, 2013. See AR 18-19 (citing AR 598, 1030, 1035, 1039, 1045, 1056, 1076, 1080, 1084, 1086, 1099).

Moreover, Ms. Camacho's observations about Plaintiff's ability to read, watch TV, fix lunch, handle money, enjoy hobbies, and shop for groceries, books, and toiletries once a week support the ALJ's RFC finding. AR at 170-74; see Fair, 885 F.2d at 604 (in discounting credibility, ALJ may properly rely on daily activities inconsistent with disability claim, including claimant's ability to care for personal needs, shop, and perform routine household chores); see also Pinegar v. Comm'r of Soc. Sec. Admin., 499 F. App'x 666, 667 (9th Cir. 2012) (finding failure to provide valid reasons for rejecting third party testimony harmless where testimony consistent with ALJ's decision).

Accordingly, the ALJ's assessment of Ms. Camacho's testimony does not warrant reversal.

/ / /

/ / /

/ / /

/ / /

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: April 13, 2016

_____
KAREN E. SCOTT
United States Magistrate Judge